Kathleen E. Brody, AZ Bar No. 026331
Darrell L. Hill, AZ Bar No. 030424
ACLU Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
kbrody@acluaz.org
dhill@acluaz.org

Brian Hauss (*pro hac vice* application forthcoming)
Vera Eidelman (*pro hac vice* application forthcoming)
Ben Wizner (*pro hac vice* application forthcoming)
ACLU Foundation, Speech, Privacy & Technology Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
bhauss@aclu.org
veidelman@aclu.org
bwizner@aclu.org

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Mikkel Jordahl; Mikkel (Mik) Jordahl, P.C., | ) | No. CV17-08263 |
| | ) | |
| Plaintiffs, | ) | **DECLARATION OF** |
| v. | ) | **MIKKEL JORDAHL** |
| | ) | |
| Mark Brnovich, Arizona Attorney General; Jim | ) | |
| Driscoll, Coconino County Sheriff; Matt Ryan, | ) | |
| Coconino County Board of Supervisors Chair; | ) | |
| Lena Fowler, Coconino County Board of | ) | |
| Supervisors Vice Chair; Elizabeth Archuleta | ) | |
| Coconino County Board of Supervisors | ) | |
| Member; Art Babbott, Coconino County Board | ) | |
| of Supervisors Member; Jim Parks, Coconino | ) | |
| County Board of Supervisors Member; Sarah | ) | |
| Benatar, Coconino County Treasurer, all in | ) | |
| their official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

I, Mikkel Jordahl, hereby declare and state as follows:

1.  I am a resident of Sedona, Arizona.

2.  I am the sole owner of a law firm, Mikkel (Mik) Jordahl, P.C., which has contracted with the Coconino County Jail District ("County") to provide legal services to inmates for the past twelve years.

3.  In my capacity as an individual consumer, I participate in a political boycott of consumer goods and services offered by businesses supporting Israel's occupation of the Palestinian territories. My boycott participation currently does not extend to my law firm's consumer choices or activities.

4.  I object to having to sign a certification on behalf of my firm stating that it does not participate in a boycott of Israel or Israeli settlements in order to contract with the County. In 2016, I signed the certification included with my contract under protest. I have not signed the certification included with the renewal for my contract, and I do not want to sign it.

### My Boycott Participation

5.  I come from three generations of Lutheran ministers, including my father, two uncles, both grandfathers, and one great grandfather.

6.  I first became interested in the Israeli-Palestinian conflict when I spent three months with my parents in the occupied West Bank in 1977. At the time, I was in college and my parents were living in the West Bank for the year. My parents and I were all profoundly affected by what we saw in the occupied Palestinian territories. Upon my return from that trip, I established the Oberlin College chapter of the Palestine Human Rights Campaign.

7.  My son was raised Jewish. He and I took a trip to Israel and Palestine in the spring of 2017, after his Bar Mitzvah. We met with many Arab and Jewish people in Israel and the West Bank. We were disheartened to hear many people express the opinion that Israeli settlements in the occupied Palestinian territories would prevent an end to the

1

occupation. Many of the Palestinians we met expressed no hope that they would ever receive equal rights in the occupied territories.

8.      I remain active in my advocacy against both the occupation and the settlements, which I believe violate the human rights of Palestinians. I have written to my elected representatives to express my opposition to the Israeli occupation and settlements, and have asked my representatives to reduce funding to Israel in an amount proportional to Israeli spending on settlements in the occupied Palestinian territories.

9.      I have been moved by the "Peace Not Walls" campaign of the Evangelical Lutheran Church ("ELCA"), which seeks to promote the "equal human dignity and rights for all people in the Holy Land" and "an end to Israeli settlement building and the occupation of Palestinian land." The campaign calls on individuals to "invest in Palestinian products to build their economy and to utilize selective purchasing to avoid buying products" made in Israeli settlements in the occupied Palestinian territories.

10.     I am a non-Jewish member of Jewish Voice for Peace ("JVP"), which works "for a just and lasting peace according to the principles of human rights, equality, and international law for all the people of Israel and Palestine." JVP endorses the call from Palestinian civil society for Boycott, Divestment, and Sanctions campaigns to protest the Israeli government's occupation of Palestinian land.

11.     In conjunction with the ELCA and JVP calls for boycott, I personally boycott consumer goods and services offered by businesses supporting Israel's occupation of the Palestinian territories. I participate in this boycott in order to protest both the occupation and the settlements.

### My Firm's Contract with the County

12.     For the past twelve years, my firm has maintained a contract with Coconino County Jail District. My firm provides legal advice to inmates in the County regarding issues like conditions of confinement, civil rights, extradition, and habeas corpus.

13.     My boycott participation has no bearing on my provision of legal services to inmates. Neither I nor my firm do, or would ever, discriminate against clients or employees based on their nationality or any legally protected characteristic.

14.     Over the twelve years of our relationship, my firm and the County have entered into at least four contracts. Each one has governed my provision of legal advice to inmates in the County for a multi-year period, typically four years. Over that time, we have regularly renewed the contract each year. At the conclusion of the multi-year period, the County has opened up the contract for bids from all contractors. I have bid each time, and the County has selected me to provide these services at least four times.

15.     We entered into our current contract in November 2016. It is for a multi-year period, with annual renewals. Under the contract, my firm receives a monthly payment of $1,533, or more than $18,000 per year. This represents approximately 10 percent of my annual income.

16.     When my firm and the County were entering into the current contract, an official from the County asked me to sign not only the standard paperwork, but also a new form entitled "Certification Pursuant to A.R.S. § 35-393.01."

17.     I read the certification and saw that it stated, "Pursuant to the requirements of A.R.S. § 35-393.01(A), the Independent Contractor hereby certifies that the Independent Contractor [and its subsidiaries, parent companies, or affiliates are] not currently engaged [nor shall engage] in a boycott of Israel." A true and correct copy of the Certification is attached as Exhibit 1.

18.     I was extremely surprised by this new requirement. Because I believed it to be unconstitutional, I strongly opposed signing the certification. At the same time, I feared losing the contract, which represents a substantial portion of my income, and I wanted to continue providing my services to the County.

19.     On October 14, 2016, I signed the certification under protest. I returned the signed certification to an official with the County. I also sent a copy of the signed form to

Rose Winkeler, Deputy County Attorney of Coconino County, along with a letter entitled "Re: Israel Boycott Addendum to Inmate Civil Rights Advising Contract." A true and correct copy of the Signing Under Protest Letter is attached as Exhibit 2.

20.     In the letter, I voiced my strong opposition to the certification. I wrote, "I understand this is a new state law and the county is bound to follow it. I will comply as long as the law is in effect, however I wanted it on record that I strongly oppose the law as I believe it is an unconstitutional violation of the 1st Amendment. I do reserve my right to challenge the law in the courts."

21.     In my letter, I also clarified that I signed the certification "in my capacity as a sole-proprietor contractor on behalf of my professional corporation and not in my personal capacity unrelated to any government contract." And I specified that I interpreted "the term 'affiliate' . . . to apply only to formal business relationships."

22.     The County accepted my signed certification. Our contract commenced on November 10, 2016. A true and correct copy of the Contract is attached as Exhibit 3.

**The Certification's Effects on My Boycott Participation**

23.     Because of the certification, I have been careful to separate my personal boycott participation from the operation of my firm, which currently does not participate in my boycott of consumer goods and services offered by businesses supporting Israel's occupation of the Palestinian territories.

24.     Were it not for the Act's certification requirement, I would extend my personal boycott participation to my firm's consumer choices. For example, I would refuse to purchase Hewlett Packard equipment for my firm because of Hewlett Packard's provision of information technology services used by Israeli checkpoints throughout the West Bank.

25.     I have also been careful not to use my firm to support or affiliate with entities participating in boycotts of Israel or Israeli settlements. JVP, which employs boycott, divestment, and sanctions tactics to put political pressure on Israel, has asked my

firm to contribute office support and financial contributions to its boycott activities. Though I want to say yes, I have rejected these requests in order to comply with the certification.

26.     Were it not for the certification requirement, my firm would provide support services and financial contributions, as well as pro bono legal services, to JVP and other boycott participants.

27.     Although I do not understand the certification to apply to my personal activities, I reasonably fear that vocal advocacy about my personal boycott participation would lead to suspicion about whether my firm is complying with the certification. As a result, I feel chilled from publicly promoting or discussing my personal boycott participation.

### 2017 Certification Requirement

28.     On November 14, 2017, I received a letter from the County regarding the regular, annual renewal of the contract. The letter, signed by Kathleen Levinson, the Administrative Manager of Coconino County Sheriff's Office, asked me to sign and notarize the enclosed "agreement[] approved by [the County's] Board of Directors." After the request, Ms. Levinson wrote, "We look forward to our continuing partnership." A true and correct copy of the County Letter is attached as Exhibit 4.

29.     I read the enclosed agreement. It stipulated to a one-year renewal of our existing contract; it did not change the contract's scope or compensation. A true and correct copy of the Contract Renewal is attached as Exhibit 5.

30.     The enclosed agreement also included another Certification Pursuant to A.R.S. § 35-393.01, which was substantially unchanged from the certification I signed under protest in 2016.

31.     I object to signing the certification. I continue to view it as a violation of my First Amendment rights, and I have spent the last year experiencing its chilling

5

effects, as described above. As a result, I have not signed and returned the 2017 agreement.

32.     Although I do not want to sign the certification, I would otherwise like my firm to continue providing legal services under contract with the County.

Pursuant to 28 U.S.C. § 1746, I hereby declare and state under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this 7th day of December, 2017.

/s/ Mikkel Jordahl
Mikkel Jordahl

# EXHIBIT 1

## CERTIFICATION PURSUANT TO A.R.S. § 35-393.01

In support and furtherance of that certain second amendment to "Independent Contractor Agreement" by and between MIKKEL (MIK) JORDAHL, P.C., an Arizona corporation, of P O Box 4156, Sedona, AZ 86340 (hereinafter the "Independent Contractor"), and COCONINO COUNTY JAIL DISTRICT, a political subdivision of the State of Arizona, of 219 East Cherry Avenue, Flagstaff, Arizona 86001 (hereinafter the "County"), and dated as of September 6, 2016 (hereinafter referred to as the "Agreement"), Independent Contractor provides the following certification:

WHEREAS Arizona state law requires, as a condition of doing business with the State of Arizona and/or any of its political subdivisions, that all service contracts entered into by the State be supported by a certification of the proposed independent contractor that satisfies the requirements of A.R.S. § 35-393.01(A) with regard to boycotts of Israel; and

WHEREAS the above-referenced Agreement constitutes a contract for services,

NOW THEREFORE, pursuant to the requirements of A.R.S. § 35-393.01(A), the Independent Contractor hereby certifies that the Independent Contractor is not currently engaged in a boycott of Israel. The Independent Contractor further certifies that no wholly owned subsidiaries, majority-owned subsidiaries, parent companies, or affiliates of the Independent Contractor (if any) are currently engaged in a boycott of Israel. Independent Contractor further and additionally agrees that for the duration of this Independent Contractor Agreement, neither Independent Contractor, nor any wholly owned subsidiaries, majority-owned subsidiaries, parent companies, or affiliates of Independent Contractor (if any) shall engage in a boycott of Israel.

For purposes of this certification, "boycott of Israel" shall mean engaging in a refusal to deal, terminating business activities, or performing other actions that are intended to limit commercial relations with Israel or with persons or entities doing business in Israel or in territories controlled by Israel, if those actions are taken either: (a) in compliance with or adherence to calls for a boycott of Israel other than those boycotts to which 50 U.S.C. § 4607(c) applies; or (b) in a manner that discriminates on the basis of nationality, national origin or religion and that is not based on a valid business reason.

This Certification is hereby adopted as an integral and substantive part of the Agreement, and irrevocably supplements the terms thereof. Any violation of this Certification by the Independent Contractor shall constitute an event of material breach of the Agreement.

MIKKEL (MIK) JORDAHL, P.C.,

10/14/16

By: _Mikkel Jordahl_
     (Printed name)
Its duly authorized signatory

COCONINO COUNTY JAIL DISTRICT

_____
Scott Richardson,
Purchasing Manager


APPROVED AS TO FORM:

_____
Deputy County Attorney

# EXHIBIT 2

Mikkel (Mik) Jordahl, P.C.
Mik Jordahl, Attorney
PO Box 4156
Sedona, Arizona 86340
Telephone (928) 221-6342
Facsimile (928) 213-5776
mikkeljordahl@yahoo.com

Rose Winkeler
Deputy County Attorney
110 E. Cherry
Flagstaff, AZ 86001

Friday, October 14, 2016

Re:  Israel Boycott Addendum to Inmate Civil Rights Advising Contract

Dear Rose,

I recently signed the renewal of the Inmate Civil Rights Advising contract. I
have really enjoyed providing services and solving problems under this contract
and hope to continue to do so over the next four years.

I was extremely surprised to see the one page Addendum attached to the
contract related to boycotts of Israel. (A signed copy of the addendum is
attached). I understand this is a new state law and the county is bound to
follow it. I will comply as long as the law is in effect, however I wanted it on
record that I strongly oppose the law as I believe it is an unconstitutional
violation of the 1st Amendment. I do reserve my right to challenge the law in
the courts.

I wanted to clarify that I sign the addendum in my capacity as a sole-proprietor
contractor on behalf of my professional corporation and not in my personal
capacity unrelated to any government contract. I am also interpreting the term
"affiliate" in the addendum and the law to apply only to formal business
relationships.

I am sending the original signed addendum to Kathleen Williamson for her
records.

If you have any questions or concerns please do not hesitate to call.

Sincerely,

Mik Jordahl
Attorney

cc: Matthew Figueroa, Coconino County Jail Commander
Kathleen Williamson, Administrative Manager

# EXHIBIT 3

INDEPENDENT CONTRACTOR AGREEMENT (hereinafter the "Agreement") made this 10th day of NOVEMBER, 2016,

BETWEEN

MIKKEL S JORDAHL, an Arizona corporation, of P O Box 4156, Sedona, AZ (hereinafter the "Independent Contractor"),

AND

COCONINO COUNTY JAIL DISTRICT, a tax levying public improvement district organized and established for the purpose, among others, of providing for in-custody detention and inmate-correctional housing in a County Detention Facility pursuant to A.R.S. § 48-4001 *et seq;* and thereby enable and enhance the duly-elected Sheriff's ability to take charge of and keep the County Detention Facility pursuant to A.R.S. § 12-441(A)(5), of 219 East Cherry Avenue, Flagstaff, Arizona 86001, (hereinafter the "District"),

WHEREAS:

A. The District operates the Coconino County Detention Facility (hereinafter the "Jail") pursuant to A.R.S. § 48-4002(D); and

B. The District has a need for an Independent Contractor (IC) to provide inmates in the Jail with access to the courts by engaging an attorney for that purpose, as described in RFP 2016-106 (hereinafter "Services"); and

C. The Independent Contractor is licensed to practice law in Arizona and is ready, able and willing to supply the desired legal services; and

D. The District wishes to contract with the IC on the terms and conditions set out in this Agreement;

THEREFORE, in consideration of their mutual promises set out herein, the Independent Contractor and the County agree as follows:

I.    Scope of Work

The Independent Contractor will meet with inmates in the Jail as required in order to provide those inmates with meaningful access[1] to the courts as described in Bounds v. Smith, 430 U.S. 817, 52 L.Ed.2d 72, 97 S. Ct. 1491 (1977) and Lewis v. Casey, 518 U.S. 343, 135 L.Ed.2d 606, 116 S. Ct. 2174 (1996), on matters including:

a.    petitions for a writ of Habeas Corpus,

---

[1] "Meaningful access" anticipates advice, document preparation and access to legal materials, but *not* direct representation in the courts.

2

b.    challenges to the inmate's conditions of confinement under 42 U.S.C. § 1983, and
c.    extradition.

District understands that Independent Contractor is employed as a prosecutor for Yavapai County, Arizona. If the Coconino County Detention Facility inmate needing services as described herein is in jail on a probation revocation based on a crime that the Independent Contractor prosecuted, the Independent Contractor will provide another attorney to provide services to the inmate.

II.    <u>Compensation</u>

The District will pay to the Independent Contractor the sum of One Thousand Five Hundred Thirty-Three Dollars ($1,533.00) for each month during the term of this Agreement in exchange for the legal service described in Paragraph I, above, as required by inmates in the Jail during that month.

I.    <u>Term of Agreement</u>

The term of this Agreement shall be from the date of approval by the Board of Supervisors through June 30, 2017. This agreement may be renewed for two additional one-year terms upon mutual agreement of both parties.

II.    <u>Termination of Agreement</u>

Either party may terminate this Agreement, with or without cause, by giving thirty (30) days written notice to the other party. In that event, the terminate date shall be the thirtieth (30th) day after furnishing proper notice to the other party. The Independent Contract shall be paid for any work completed up to the date written notice of termination is sent to the other party by first class mail.

III.    <u>Insurance</u>

The Independent Contractor will provide and maintain and cause its sub-contractors to provide and maintain appropriate insurance acceptable to the County.

A. In no event will the total coverage be less than the minimum insurance coverage specified below:

i.    Commercial General Liability occurrence version in an amount not less than One Million Dollars ($1,000,000) per occurrence/Two Million Dollars ($2,000,000) aggregate. The policy shall include coverage for bodily injury, property damage, personal injury, and products and completed operations and shall include the following;

| | |
|---|---|
| General Aggregate | $2,000,000 |
| Products/Completed Operations Aggregate | $2,000,000 |
| Personal and Advertising Injury | $1,000,000 |

3

| | |
|---|---|
| Fire Legal Liability | $50,000 |
| Each Occurrence | $1,000,000 |

ii.   Automobile Liability in an amount not less than State of Arizona requirements.

iii.   A Certificate of Insurance for workers' compensation coverage or Sole Proprietor Waiver, if the Independent Contractor has no employees.  If a Certificate of Insurance is provided, the insurer must agree to waive all rights of subrogation against the County, its officers, agents, employees and volunteers for losses arising from work performed by the Independent Contractor for the County.

iv.   Professional Liability (if applicable) in an amount not less than One Million Dollars ($1,000,000) per occurrence/One Million Dollars ($1,000,000) aggregate with a retroactive liability date (if applicable to claims made coverage) the same as the effective date of the contract or earlier.  The policy shall contain an Extended Claim Reporting Provision of not less than two years following termination of the policy.

B.  The Independent Contractor will name the County, its agents, officials, employees and volunteers as additional insureds for general liability including premises/operations, personal and advertising injury, products/completed operations, and as additional insured for automobile liability, and will specify that the insurance afforded by the Independent Contractor is primary insurance and that any insurance coverage carried or self-insurance by the County, any department or any employee will be excess coverage and not contributory insurance to that provided by the Independent Contractor.  Said policies must contain a severability of interest provision.  County reserves the right to continue payment of premium for which reimbursement will be deducted from amounts due or subsequently due Independent Contractor.

C.  If a policy does expire during the life of the Contract, a renewal certificate must be sent to the County fifteen (15) days prior to the expiration date.

D.  Upon the execution of this Agreement by the Independent Contractor, the Independent Contractor will furnish the County with copies of the Certificates of Insurance drawn in conformity with the above insurance requirements.  The County reserves the right to request and receive certified copies of any or all of the above policies and/or endorsements. Failure on the part of the Independent Contractor to procure and maintain the required liability insurance and provide proof thereof to the County within ten (10) days following the commencement of a new policy, will constitute a material breach of the Agreement upon which the County may immediately terminate the Agreement.

E.  The Independent Contractor will comply with statutory requirements for both workers' compensation and unemployment insurance coverage during the term of this

4

Agreement.  A Certificate of Insurance for workers' compensation coverage, or Sole Proprietor Waiver, will be provided within ten (10) days of signing this Agreement.  The insurer must agree to waive all rights of subrogation against the County, its officers, agents, employees and volunteers for losses arising from work performed by the Independent Contractor for the County.

IV.    Indemnification

The Independent Contractor will at all times, to the fullest extent permitted by law, indemnify, keep indemnified, defend and save harmless the County and/or any of its agents, officials and employees from any and all claims, demands, suits, actions, proceedings, losses, costs and/or damages of every kind and description, including any attorney's fees and/or litigation expenses, which may be brought or made against or incurred by the County on account of loss of or damage to any property or for injuries to or death of any person, caused by, arising out of, or contributed to, in whole or in part, by reason of any alleged act, omission, professional error, fault, mistake, or negligence of the Independent Contractor, its employees, agents, representatives, or subcontractors, their employees, agents, or representatives in connection with or incidental to the performance of this Agreement or arising out of Workers' Compensation claims, Unemployment Compensation claims, or Unemployment Disability Compensation claims of employees of the Independent Contractor and/or its subcontractors or claims under similar such laws or obligations.  The Independent Contractor's obligations under this paragraph do not extend to any liability caused by the sole negligence of the County or its employees.

V.    Independent Contractor's Status

The Independent Contractor will operate as an independent contractor and not as an officer, agent, servant, or employee of the County.

A.  The Independent Contractor will be solely responsible for the acts and omissions of its officers, agents, servants, and employees. As an independent contractor, the Independent Contractor is responsible for the payment of all applicable income and employment taxes and for providing all workers' compensation insurance required by law.

B.  The independent contractor will operate as an independent entity and none of the employees of the independent contractor are to be considered employees of Coconino County.  Independent contractor employees are not eligible for Coconino County group health insurance or other benefits.

C.  The independent contractor will be solely responsible for offering health insurance to its employees as required by the Affordable Care Act, and for any penalties charged to it by the Internal Revenue Service for noncompliance with the Affordable Care Act.

D.  In performance of services within this contract, the independent contractor shall determine his/her necessary hours of work. Contractor shall provide whatever tools;

5

equipment, vehicles, and supplies Contractor may determine to be necessary in performance of services hereunder. Contractor may establish offices in such locations within or outside Arizona, as Contractor may determine to be necessary for the performance of services hereunder, and shall be responsible for all expenses of operation of said office, including expenses incurred in hiring employees and assistants to Contractor.

E.  The Independent Contractor has no authority to enter into contracts or agreements on behalf of the County. This Agreement does not create a partnership between the parties.

VI.   Force Majeure

Independent Contractor will not be liable for any unforeseen acts or events that prevent it from performing its obligations under this Agreement, if beyond the control of the party despite exercise of due diligence, including, but not limited to, delays caused by fire, flood, earthquake, landslide, washouts, storm damage, acts of war or terrorism, unavailability of materials or supplies, epidemics, labor strikes, civil disturbances, insurrections, riots, explosions, and acts of God.

VII.   Immigration and Scrutinized Business

Pursuant to A.R.S. 41-4401, Coconino County, as a political subdivision of the State of Arizona, is required to include in all contracts the following requirements:

A.  The Independent Contractor and each of its subcontractors warrant their compliance with all federal immigration laws and regulations that relate to their employees and their compliance with A.R.S. § 23-314(A).

B.  A breach of warranty under paragraph (a) above shall be deemed a material breach of the contract and is subject to penalties up to and including termination of the contract.

C.  The District retains the legal right to inspect the papers of the Independent Contractor or an of its subcontractors who work on the contract to ensure that Independent Contractor or its subcontractor(s) is complying with the warranty provided under paragraph (a) above.

D.  False certifications may result in the termination of this contract.

VIII.   Non-Appropriation of Funds

Notwithstanding any other provisions in this Contract, this Contract may be terminated if the District's governing body does not appropriate sufficient monies to fund its obligations herein or if grant funds are terminated or reduced for the purpose of maintaining this Contract. Upon such termination, the District shall be released from any obligation to make future payments and shall not be liable for cancellation or termination charges.

6

IX.   Amendment and Entirety of Contract

This document constitutes the entire agreement between the parties with respect to the subject matter hereto and supersedes all previous proposals, both oral and written, negotiations, representation, commitments, writings, agreements and other communications between the parties. It may not be changed or modified except by an instrument in writing signed by a duly authorized representative of each party.

X.   Records

The Independent Contractor will:

A.  Submit all reports and invoices specified in this Agreement.

B.  Retain and contractually require each subcontractor to retain all data and other records relating to the acquisition and performance of this Agreement (hereinafter the "Records") for a period of (5) years after the termination or completion of this Agreement. If any litigation, claim, dispute or audit is initiated before the expiration of the five (5) year period, the Records will be retained until all litigation, claims, disputes or audits have been finally resolved. All Records will be subject to inspection and audit by the District at reasonable times. Upon request, the Independent Contractor will produce a legible copy of any or all Records.

XI.   Approval by the District

Before this Agreement can become effective and binding upon the District, it must be approved by the District Board of Supervisors. In the event that the Board of Supervisors fails or refuses to approve this Agreement, it will be null and void and of no effect whatsoever.

XII.   Waiver

The failure of either party at any time to require performance by the other party of any provisions hereof will in no way affect the party's subsequent rights and obligations under that provision.  Waiver by either party of the breach of any provision hereof will not be taken or held to be a waiver of any succeeding breach of such provision or as waiver of such provision itself.

XIII.   Non-assignment

This Agreement is non-assignable.  Any attempt to assign any of the rights, duties or obligations of this Agreement is void.

XIV.   Cancellation of Agreement

This Agreement may be cancelled by the District pursuant to A.R.S. § 38-511.

7

XV.     Non-discrimination

The Independent Contractor will comply with State Executive Order  No. 2009-09 and all other applicable Federal and State laws, rules and regulations prohibiting discrimination.

XVI.    Notice

Any notice given in connection with this Agreement must be given in writing and delivered either by hand to the party or by certified mail-return receipt to the party's place of business as set forth above.

XVII.   Choice of Law

Any dispute under this Agreement or related to this Agreement will be decided in accordance with the laws of the State of Arizona.

XVIII.  Severability

If any part of this Agreement is held to be unenforceable, the rest of the Agreement will nevertheless remain in full force and effect.

XIX.    Authority

Independent Contractor warrants that the person signing below is authorized to sign on behalf of Independent Contractor and obligate Independent Contractor to the above terms and conditions.



8

IN WITNESS WHEREOF the parties hereto have executed this Agreement as of the date hereinbefore indicated.

MIKKEL S JORDAHL                                COCONINO COUNTY JAIL DISTRICT

By _____                    By _____
Mikkel S. Jordahl,                                 Scott Richardson, Purchasing Manager


ACKNOWLEDGED before me
by Mikkel S Jordahl as CEO of and for
(Independent Contractor) on
this ⟋7 day of October , 2016.


_____                        Approved as to form:
Notary Public                                    _____
                                                 Deputy County Attorney

Jan 6, 2017
_____
My Commission Expires

ERIKA WILTENMUTH
Notary Public - State of Arizona
COCONINO COUNTY
My Commission Expires
January 6, 2017

# EXHIBIT 4



**Coconino County**
# SHERIFF'S OFFICE
*Jim Driscoll, Sheriff*

November 9, 2017

Mikkel Jordahl
P O Box 4156
Sedona, AZ  86340

Re:   Cotract Renewal

Dear Mik,

Enclosed, please find three original agreements approved by our Board of Directors.  Please sign and have notarized all agreements and return two of them to me at:

Coconino County Sheriff's Office
Attn:  Kathleen Levinson
911 E Sawmill Road
Flagstaff, AZ 86001

We look forward to our continuing partnership.  If you have any questions, I may be reached at 928-226-5074.

Sincerely,



Kathleen Levinson
Administrative Manager

Enc

*"SERVICE TO COMMUNITY"*

*911 E. Sawmill Rd. • Flagstaff, AZ 86001 • phone (928) 774-4523 or (1-800) 338-7888 • www.coconino.az.gov/sheriff.aspx*

# EXHIBIT 5

This **First** AMENDMENT (hereinafter this "Amendment") is made this _____ day of
_____, 2017,

BETWEEN

COCONINO COUNTY JAIL DISTRICT, a tax levying public improvement district organized
and established for the purpose, among others, of providing for in-custody detention and inmate-
correctional housing in a County Detention Facility pursuant to A.R.S. §48-4001 *et seq;* and
thereby enable and enhance the duly-elected Sheriff's ability to take charge of and keep the
County Detention Facility pursuant to A.R.S. §12-441(A)(5), of 219 East Cherry Avenue,
Flagstaff, Arizona 86001, (hereinafter the "County"),

AND

MIKKEL S JORDAHL, an Arizona corporation, of PO Box 4156, Sedona, AZ (hereinafter the
"Independent Contractor"),

WHEREAS:

A.    The District and the Independent Contractor entered into an agreement commencing on
      the 10th day of November, 2016, for the Independent Contractor to provide inmates in
      the Coconino County Detention Facility access to the courts by engaging an attorney for
      that purpose, as described in RFP 2016-106 (hereinafter the "Agreement"); and

B.    The Agreement provided for a one year term with two additional one year renewals; and

C.    The parties wish to renew the Agreement for a one year period with no changes to scope
      or compensation.

THEREFORE, in consideration of their mutual promises in the Agreement, the County and the
Independent Contractor agree as follows:

I.    Compensation

      The compensation remains the same.

II.   Term of Agreement

      The Agreement is renewed for the period from the 1st day of July, 2017 through the 30th
      day of June, 2018.

III.  Insurance

      The Independent Contractor will provide and maintain and cause its sub-contractors to
      provide and maintain appropriate insurance acceptable to the County.

A.  In no event will the total coverage be less than the minimum insurance coverage specified below:

    i.    Commercial General Liability occurrence version in an amount not less than One Million Dollars ($1,000,000) per occurrence/Two Million Dollars ($2,000,000) aggregate. The policy shall include coverage for bodily injury, property damage, personal injury, and products and completed operations and shall include the following;

| | |
|---|---|
| General Aggregate | $2,000,000 |
| Products/Completed Operations Aggregate | $2,000,000 |
| Personal and Advertising Injury | $1,000,000 |
| Fire Legal Liability | $50,000 |
| Each Occurrence | $1,000,000 |

    ii.    Automobile Liability in an amount not less than One Million Dollars ($1,000,000) combined single limit (CSL) per occurrence to include either "any auto" or "scheduled, owned, hired, and or non-owned vehicles or as required by AZ law for personal vehicles. Such insurance shall include coverage for loading and unloading hazards.

    iii.    A Certificate of Insurance for workers' compensation coverage or Sole Proprietor Waiver, if the Independent Contractor has no employees.  If a Certificate of Insurance is provided, the insurer must agree to waive all rights of subrogation against the County, its officers, agents, employees and volunteers for losses arising from work performed by the Independent Contractor for the County.

    iv.    Professional Liability (if applicable) in an amount not less than One Million Dollars ($1,000,000) per occurrence/One Million Dollars ($1,000,000) aggregate with a retroactive liability date (if applicable to claims made coverage) the same as the effective date of the contract or earlier.  The policy shall contain an Extended Claim Reporting Provision of not less than two years following termination of the policy.

B.    The Independent Contractor will name the County, its agents, officials and employees as additional insureds for general liability including premises/operations, personal and advertising injury, products/completed operations, and as additional insured for automobile liability, and will specify that the insurance afforded by the Independent Contractor is primary insurance and that any insurance coverage carried or self-insurance by the County, any department or any employee will be excess coverage and not contributory insurance to that provided by the Independent Contractor.  Said policies must contain a severability of interest provision.  County reserves the right to continue payment of premium for which reimbursement will be deducted from amounts due or subsequently due Independent Contractor.

IV.  Certification Pursuant to A.R.S. § 35-393.01

Pursuant to the requirements of A.R.S. § 35-393.01(A), the Independent Contractor hereby certifies that the Independent Contractor is not currently engaged in a boycott of

Israel. The Independent Contractor further certifies that no wholly owned subsidiaries, majority-owned subsidiaries, parent companies, or affiliates of the Independent Contractor (if any) are currently engaged in a boycott of Israel. Independent Contractor further and additionally agrees that for the duration of this Contract, neither Independent Contractor, nor any wholly owned subsidiaries, majority-owned subsidiaries, parent companies, or affiliates of Independent Contractor (if any) shall engage in a boycott of Israel.

For purposes of this Section, "boycott of Israel" shall mean engaging in a refusal to deal, terminating business activities, or performing other actions that are intended to limit commercial relations with Israel or with persons or entities doing business in Israel or in territories controlled by Israel, if those actions are taken either: (a) in compliance with or adherence to calls for a boycott of Israel other than those boycotts to which 50 U.S.C. § 4607(c) applies; or (b) in a manner that discriminates on the basis of nationality, national origin or religion and that is not based on a valid business reason.

V.    Authority

Independent Contractor warrants that the person signing below is authorized to sign on behalf of Independent Contractor and obligate Independent Contractor to the above terms and conditions.

Prior to providing services, the Independent Contractor will provide the County with a Certificate of Liability Insurance evidencing insurance coverage in the amounts specified above for the effective term of this renewal.

Terms and conditions in the Agreement as amended that are unchanged by this Amendment will remain in full force and effect.

IN WITNESS WHEREOF, the parties hereto have executed this Amendment on the date hereinbefore indicated.

MIKKEL S JORDAHL                    COCONINO COUNTY JAIL DISTRICT

By_____             By_____
  Mikkel S. Jordahl,                  Scott Richardson, Purchasing Manager

ACKNOWLEDGED before me
by Mikkel S. Jordahl as CEO of and for
Independent Contractor on
this _____ day of _____ , 2017.

                                    Approved as to form:

_____       _____
Notary Public                       Deputy District Attorney