MARK BRNOVICH
Arizona Attorney General (Firm Bar No. 014000)
Drew C. Ensign (No. 25463)
Oramel H. (O.H.) Skinner (No. 32891)
Brunn (Beau) W. Roysden III (No. 28698)
Evan G. Daniels (No. 30624)
Keith J. Miller (No. 29885)
Aaron Duell (No. 33450)
Assistant Attorneys General
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-5200
Drew.Ensign@azag.gov

*Attorneys for Proposed Intervenor-Defendant State of Arizona*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mikkel Jordahl; Mikkel (Mik) Jordahl, P.C., <br><br> Plaintiffs, <br><br> vs. <br><br> Mark Brnovich, Arizona Attorney General; Jim Driscoll, Coconino County Sheriff; Matt Ryan, Coconino County Board of Supervisors Chair; Lena Fowler, Coconino County Board of Supervisors Vice Chair; Elizabeth Archuleta Coconino County Board of Supervisors Member; Art Babbott, Coconino County Board of Supervisors Member; Jim Parks, Coconino County Board of Supervisors Member; Sarah Benatar, Coconino County Treasurer, all in their official capacities, <br><br> Defendants. | Case No: 3:17-cv-08263-PCT-DJH <br><br> **STATE'S MOTION TO INTERVENE TO DEFEND THE CONSTITUTIONALITY OF ARIZONA STATUTES** |

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 24, the State of Arizona (the "State") moves to intervene in this matter for the purpose of defending the facial constitutionality of A.R.S. § 35-393 *et seq.* (the "Act"). All existing parties consent to the State intervening.

**I.     THE STATE IS ENTITLED TO INTERVENE IN THIS ACTION**

Rule 24(a) authorizes anyone to intervene in an action as of right when the applicant demonstrates that: (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest. *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006). *See also* Fed. R. Civ. P. 24(a)(2). Rule 24(a) is to be construed broadly in favor of proposed intervenors. *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011).

**A.  The State's Motion To Intervene Is Timely**

Whether a motion to intervene is timely is based on three considerations: (1) the stage of the proceeding at which the applicant seeks to intervene; (2) the prejudice to the other parties; and (3) the reason for and length of delay. *See United States v. Covington Technologies Co.*, 967 F.3d 1391, 1394 (9th Cir. 1992). The Ninth Circuit has found that a motion to intervene filed "less than two months after the plaintiffs filed their complaint and before the defendants filed an answer" was timely. *Fund for Animals v. Norton*, 322 F.3d 728, 735 (9th Cir. 2003). Likewise, this motion to intervene is timely. The complaint in this matter was filed on December 6, 2017, less than two months ago. None of the defendants have yet filed a responsive pleading. No prejudice would result in allowing the State to intervene at this time. State has occasioned no substantial delay in filing this motion, and it is within the sixty days contemplated by Rule 5.1(c). Fed. R. Civ. P. 5.1 (providing that, in an action calling into question the constitutionality of a

1  state statute, "the attorney general may intervene within 60 days after the notice [of
2  constitutional question] is filed.").

### B. The State Has A Compelling Interest In The Subject Matter Of This Action And Would Be Affected By An Adverse Ruling.

The plaintiffs in this matter allege that the Act facially violates the U.S. Constitution. The State has an unquestionable interest in defending the constitutionality of its laws. *See Diamond v. Charles*, 476 U.S. 54, 62 (1986) ("[A] State has standing to defend the constitutionality of its statute."); *Yniguez v. State of Ariz.*, 939 F.2d 727, 735 (9th Cir. 1991) ("[B]ecause the Article III standing requirements are more stringent than those for intervention under rule 24(a) . . . our determination that . . . [a party has] standing under Article III compels the conclusion that they have an adequate interest under the rule."). Moreover, Federal Rule of Civil Procedure 5.1 provides for the intervention of state attorneys general in actions questioning the constitutionality of state statutes.

### C. The State's Interests Are Not Adequately Represented By Existing Parties.

To intervene as of right, the State must show that the existing parties *may not* adequately represent its interests. The Ninth Circuit has held that the "burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)).

To assess whether a party's interest is adequately represented, a court considers several factors, including: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 952 (9th Cir. 2009) (emphasis added). The "most important factor" in assessing the adequacy of representation is "how

the [intervenor's] interest compares with the interests of existing parties." *Citizens for Balanced Use*, 647 F.3d at 898.

Here, Plaintiffs named Arizona Attorney General Mark Brnovich as defendant. However, as set forth in the Motion to Dismiss, the Attorney General is a misnamed party. Plaintiffs do not allege that the Attorney General has taken *any* action applying the Act to Plaintiffs, let alone one in violation of federal law. *See* Complaint ¶ 8. *Similarly*, absent any actual conduct by the Attorney General, Plaintiffs lack standing to assert their claim against him and this Court has no subject matter jurisdiction to hear such a claim.

However, if the claim against the Attorney General is dismissed, no existing party will be able to represent the State's interests. The State seeks to defend the facial constitutionality of the statutes challenged by Plaintiffs' complaint, and the State understands that the Coconino County Defendants may not address the constitutional issues at all. *Cf. Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003). In any event, the State, charged with representing the interests of all people in Arizona, is better situated to advance broader, more comprehensive arguments than the specific individuals named in this lawsuit. *See also* 28 U.S.C. § 2403(b).

**II.   THE STATE SHOULD BE PERMITTED TO INTERVENE**

Even if the Court finds that the State is not entitled to intervene as a matter of right, it should nevertheless permit the State to intervene. Federal courts may permit intervention by litigants who have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Where a litigant "timely presents such an interest in intervention," the Court should consider:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

4

*Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011).  As explained more fully above, the State has a compelling interest in the outcome of this action, has standing to defend the constitutionality of its laws, and has interests separate and distinct from those of the named defendants.  Furthermore, the State's motion is timely, and its participation will not unnecessarily prolong, prejudice, or unduly delay the litigation.  Indeed, the State's participation will "significantly contribute to . . . theb just and equitable adjudication of the legal questions presented." *Id.*

## III.   CONCLUSION

For the reasons stated above, the State requests that the Court grant it leave to intervene for the purpose of defending the facial constitutionality of A.R.S. § 35-393 *et seq.*

Respectfully submitted this 18th day of January, 2018.

MARK BRNOVICH
ATTORNEY GENERAL

By:  s/ Drew C. Ensign
Drew C. Ensign (No. 25463)
Oramel H. (O.H.) Skinner (No. 32891)
Brunn (Beau) W. Roysden III (No. 28698)
Evan G. Daniels (No. 030624)
Keith J. Miller (No. 29885)
Aaron M. Duell (No. 033450)

*Attorneys for Proposed Intervenor-Defendant State of Arizona*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of January, 2018, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Kathleen E. Brody
Darrell L. Hill
ACLU Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
kbrody@acluaz.org
dhill@acluaz.org

Brian Hauss
Vera Eidelman
Ben Wizner
Speech, Privacy & Technology Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
bhauss@aclu.org
veidelman@aclu.org
bwizner@aclu.org
ACLU Foundation


 s/ Drew C. Ensign
*Attorney for Proposed Intervenor-Defendant State of Arizona*