WILLIAM P. RING
Coconino County Attorney
Rose Winkeler
State Bar No. 025023
Mandi Vuinovich
State Bar No. 030851
Deputy County Attorney
110 E. Cherry Ave.
Flagstaff, Arizona 86001
(928) 679-8200
rwinkeler@coconino.az.gov
mvuinovich@coconino.az.gov
*Attorney for County Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mikkel Jordahl; Mikkel (Mik) Jordahl, P.C., <br><br> Plaintiffs, <br> v. <br><br> Mark Brnovich, Arizona Attorney General; Jim Driscoll, Coconino County Sheriff; Matt Ryan, Coconino County Jail District Board of Directors Member; Lena Fowler, Coconino County Jail District Board of Directors Member; Elizabeth Archuleta, Coconino County Jail District Board of Directors Member; Art Babbott, Coconino County Jail District Board of Directors Member; Jim Parks, Coconino County Jail District Board of Directors Member; all in their official capacities, <br><br> Defendants. | Case No.: 3:17-cv-08263-PCT-DJH <br><br> **ANSWER OF COUNTY DEFENDANTS COCONINO COUNTY SHERIFF AND JAIL DISTRICT BOARD OF DIRECTORS MEMBERS TO FIRST AMENDED COMPLAINT** |

1

**WILLIAM P. RING**
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

The Federal Rules of Civil Procedure 8 and 12 require that a Defendant timely serve a Responsive Pleading, and when the pleading is an Answer, to respond to allegations made. As set forth in their Answer below, County Defendants; Coconino County Sheriff, Jim Driscoll ("Sheriff"); and the Coconino County Jail District Board of Directors Members ("Board of Directors")(collectively "County Defendants"), by and through their attorneys, affirmatively state that they are nominal Parties to this litigation and their inclusion in this action is nominal only. Such being the case, County Defendants take no position with regard to the constitutionality of A.R.S. § 35-393.01. County Defendants will comply with the Federal Rules of Civil Procedure and orders of the Court entered into relative to this case.

County Defendants, Sheriff and Board of Directors, Answer Plaintiffs' First Amended Complaint as follows:

## PRELIMINARY STATEMENT

1. County Defendants admit that pursuant to a recently enacted law, House Bill 2617, A.R.S. § 35-393.01 ("HB 2617" or "the Act"), the State of Arizona requires government contractors to certify that they are not engaged in boycotts of Israel or territories controlled by Israel but County Defendants take no position on HB 2617 or the Act.

2

County Defendants are without knowledge or information sufficient to form a belief as to the truth that Mr. Jordahl is the sole owner of a law firm but otherwise have no reason to deny this allegation.

County Defendants admit that in order to renew his contract, Mr. Jordahl would have to certify that his firm neither participates in a boycott of Israel nor affiliates with entities engaged in a boycott of Israel but County Defendants take no position on such certification.

County Defendants admit that the law firm of Mr. Jordahal has contracted with the Coconino Jail District to provide legal services to incarcerated individuals.

County Defendants are without knowledge or information sufficient to form a belief as to the truth with regard to Mr. Jordahl's wants and fears about signing contracts or his participation in political boycotts.

The allegations contained in the last sentence of paragraph 1 constitute a legal conclusion to which no response is required. To the extent that a response may be required, County Defendants state that they are nominal Parties to the matter and are without knowledge or information sufficient to form a belief as to the truth of the allegation and take no position on such certifications.

**JURISDICTION AND VENUE**

2. County Defendants admit that Plaintiffs have filed suit alleging declaratory and

3

injunctive relief pursuant to 42 U.S.C. § 1983 of the United States Code, but otherwise reiterate that they are nominal Parties to the matter and without knowledge or information sufficient to form a belief as to whether Plaintiffs' civil rights have been violated or whether Plaintiffs are entitled to any relief under the statue.

3. County Defendants admit that this matter presents a federal question within this Court's jurisdiction under Article III, § 2 of the United States Constitution and 28 U.S.C. §§ 1331 and 1343 but reiterate that County Defendants are nominal Parties to the matter and without knowledge or information sufficient to form a belief as to whether Plaintiffs' civil rights have been violated or whether Plaintiffs are entitled to any relief under the statue.

4. County Defendants admit that Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 but reiterate that County Defendants are nominal Parties to the matter and without knowledge or information sufficient to form a belief as to whether Plaintiffs' civil rights have been violated or whether Plaintiffs are entitled to any relief under the statue.

5. County Defendants admit that this matter is properly venued in the United States District Court for the District of Arizona.

**PARTIES**

6. County Defendants are without knowledge or information sufficient to form a

belief with which to respond to the allegations of paragraph 6 but otherwise have no reason to deny that Plaintiff, Mikkel Jordahl, is a resident of Sedona, Arizona, and the sole owner of a professional corporation law firm.

7. County Defendants are without knowledge or information sufficient to form a belief with which to respond to the first sentence of paragraph 7 but otherwise have no reason to deny that Plaintiff Mikkel (Mik) Jordahl, P.C. is an Arizona Corporation. County Defendants admit that for 12 years, Mikkel (Mik) Jordahl, P.C. has contracted with the Coconino County Jail District to provide legal advice to incarcerated individuals.

8. County Defendants admit that Mark Brnovich is the Arizona Attorney General; that Mark Brnovich is the chief law enforcement officer of the State of Arizona; and that Mark Brnovich is sued in his official capacity.

County Defendants admit that Mark Brnovich, in his capacity as Attorney General, has the authority pursuant to A.R.S. § 41-193(A)(2), to prosecute public officials and others for misappropriation of public monies under A.R.S. § 35-301.

County Defendants deny allegations with regard to A.R.S. 41-194.01 to the extent that the statute applies to a county, city, or town.

9. County Defendants admit to the statements of paragraph 9.

10. County Defendants admit to the statements of paragraph 10. Defendant Sheriff reiterates that he is a nominal Party to this matter.

11. County Defendants admit to the statements of paragraph 11. Defendant Ryan

5

1 reiterates that he is a nominal Party to this matter.

2     12. County Defendants admit to the statements of paragraph 12. Defendant Fowler

3 reiterates that she is a nominal Party to this matter.

4     13. County Defendants admit to the statements of paragraph 13. Defendant

5 Archuleta reiterates that she is a nominal Party to this matter.

6     14. County Defendants admit to the statements of paragraph 14. Defendant

7 Babbott reiterates that he is a nominal Party to this matter.

8     15. County Defendants admit to the statements of paragraph 15. Defendant Parks

9 reiterates that he is a nominal Party to this matter.

## **STATEMENT OF FACTS**

### **The Act**

13     16. County Defendants admit to the statements of paragraph 16 but take no

14 position on the Act.

15     17. County Defendants admit to the statements of paragraph 17 but take no

16 position on the Act.

17     18. The allegations contained in paragraph 18 constitute a legal conclusion to

18 which no response is required. To the extent that a response may be required, County

19 Defendants state that they are nominal Parties to the matter and are without knowledge or

20 information sufficient to form a belief as to the truth of the allegations.

**WILLIAM P. RING**
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

19. County Defendants admit to the statements of paragraph 19 but take no position on the legislative findings of HB 2617.

20. County Defendants are without knowledge or information sufficient to form a belief as to the truth the allegations stated in paragraph 20.

21. County Defendants admit to the statements of paragraph 21 but take no position on the Committee Report of HB 2617.

## Mr. Jordahl's Boycott Participation

22. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 22.

23. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 23.

24. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 24.

25. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 25.

26. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 26.

27. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 27.

7

**The Coconino County Jail District Contract**

28. County Defendants are without knowledge or information sufficient to form a belief with which to respond to the allegations in the first sentence of paragraph 28. County Defendants admit that Mr. Jordahl's firm has contracted with Coconino County for 12 years to provide legal advice to incarcerated individuals regarding issues like conditions of confinement, civil rights, extradition, and habeas corpus.

29. County Defendants admit to the statements in paragraph 29.

30. County Defendants admit to the statements in paragraph 30.

31. County Defendants admit to the statements in paragraph 31 but take no position on the Certificate Pursuant to A.R.S. § 35-393.01.

32. County Defendants admit to the statements in paragraph 32.

33. County Defendants admit to the statements in paragraph 33.

34. County Defendants admit to the statements in paragraph 34.

35. County Defendants admit to the statements in paragraph 35.

36. County Defendants are without knowledge or information sufficient to form a belief with which to respond to the allegations of paragraph 36.

37. County Defendants admit that Kathleen Levinson, Administrative Manager with the Coconino County Sheriff's Office, signed a letter to Mr. Jordahl dated November 9, 2017, that requested Mr. Jordahl sign and notarize the enclosed agreements, which had approval from the Board of Supervisors; and that the letter stated "We look

**WILLIAM P. RING**
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

forward to continuing our partnership." County Defendants are without knowledge or information sufficient to form a belief with regard to the date Mr. Jordahl received the letter.

38. County Defendants admit to the statements in paragraph 38.

39. County Defendants admit to the statements in paragraph 39.

40. County Defendants admit that Mr. Jordahl has not signed and returned the 2017 agreement but lack knowledge or information sufficient to form a belief with which to respond to the allegations of paragraph 40 with regard to Mr. Jordahl's reason for not doing so. County Defendants take no position on the Certificate Pursuant to A.R.S. § 35-393.01.

## **The Act's Effects**

41. The allegation contained in the first sentence of paragraph 41 constitutes a legal conclusion to which no response is required. County Defendants take no position on the Certificate Pursuant to A.R.S. § 35-393.01. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations stated in the second sentence of paragraph 41.

42. The allegation contained in the first sentence of paragraph 42 constitutes a legal conclusion to which no response is required. County Defendants take no position on the Certificate Pursuant to A.R.S. § 35-393.01. County Defendants are without

**WILLIAM P. RING**
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

9

1 knowledge or information sufficient to form a belief as to the truth of the additional
2 allegations stated in of paragraph 42.

3     43. The allegation contained in the first sentence of paragraph 43 constitutes a
4 legal conclusion to which no response is required. County Defendants take no position on
5 the Certificate Pursuant to A.R.S. § 35-393.01. County Defendants are without
6 knowledge or information sufficient to form a belief as to the truth of the additional
7 allegations stated in of paragraph 43.

8     44. The allegation contained in the first sentence of paragraph 44 constitutes a
9 legal conclusion to which no response is required. County Defendants take no position on
10 the Certificate Pursuant to A.R.S. § 35-393.01. County Defendants are without
11 knowledge or information sufficient to form a belief as to the truth of the additional
12 allegations stated in of paragraph 44.

13     45. County Defendants are without knowledge or information sufficient to form a
14 belief as to the truth of the allegations stated in of paragraph 45.

15     46.  County Defendants are without knowledge or information sufficient to form a
16 belief as to the truth of the allegations stated in of paragraph 46.

17     47. The allegation contained in paragraph 47 constitutes a legal conclusion to
18 which no response is required. To the extent that a response may be required, County
19 Defendants deny the allegation in paragraph 47 and reiterate that they are nominal Parties
20 to this matter.

21

22           10

23

**WILLIAM P. RING**
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

48. The allegations contained in paragraph 48 constitute a legal conclusion to which no response is required. To the extent that a response may be required, County Defendants deny the allegations in paragraph 48 and reiterate that they are nominal Parties to this matter.

**Cause of Action**

49. County Defendants incorporate by reference the Answers contained in the proceeding paragraphs of this Answer.

50. County Defendants admit that Plaintiffs make references to the First Amendment as applied to the States through the Fourteenth Amendment.

51. The allegations contained in paragraph 51 constitute a legal conclusion to which no response is required.

52. The allegations contained in paragraph 52 constitute a legal conclusion to which no response is required.

53. The allegations contained in paragraph 53 constitute a legal conclusion to which no response is required.

54. The allegations contained in paragraph 54 constitute a legal conclusion to which no response is required.

55. The allegations contained in paragraph 55 constitute a legal conclusion to which no response is required.

11

56. The allegations contained in paragraph 56 constitute a legal conclusion to which no response is required.

57. The allegations contained in paragraph 57 constitute a legal conclusion to which no response is required.

58. The allegations contained in paragraph 58 constitute a legal conclusion to which no response is required.

## **Affirmative Defenses**

1. County Defendants Sheriff and Board of Directors affirmatively allege that they are not proper or necessary Parties to this matter, and their role in this action is nominal.

2. County Defendants Sheriff and Board of Directors affirmatively allege that even if County Defendants are necessary Parties for purposes of injunctive relief, their role would remain nominal.

3. County Defendants Sheriff and Board of Directors affirmatively allege that they are entitled to various privileges and immunities as provided by law; the full nature and extent of such privileges and immunities as applicable hereto are presently unknown to these Answering County Defendants, and these Answering County Defendants may seek leave of this Court to allow them to amend this Answer to insert the full nature and extent of such privileges and immunities when the same become fully ascertained and known.

4. Additional facts may be revealed by future discovery which support affirmative

12

defenses available to, but unknown by, County Defendants Sheriff and Board of Directors. Accordingly, County Defendants Sheriff and Board of Directors hereby incorporate by this reference all applicable affirmative defenses pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure as though set forth fully herein.

**Prayer for Relief**

1. County Defendants affirmatively allege that any relief requested by Plaintiffs is not available from County Defendants Sheriff and Board of Directors who are nominal Parties in this matter.

2. Having fully answered Plaintiffs' First Amended Complaint and having stated affirmative defenses, County Defendants request entry of judgment denying any and all relief that Plaintiffs have requested as to County Defendants Sheriff and Board of Directors, dismissing the First Amended Complaint and action stated therein as to County Defendants Sheriff and Board of Directors with prejudice, granting County Defendants Sheriff and Board of Directors reasonable costs and expenses of this action, including attorney fees if appropriate, and granting such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 18th day of January, 2018.

                WILLIAM P. RING
                Coconino County Attorney

                /s/ Rose Winkeler
                Rose Winkeler
                Deputy County Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18<u>th</u> day of <u>January</u>, 2018, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Kathleen E. Brody
Darrell L. Hill
ACLU Foundation of Arizona
3707 N. 7th St., Ste. 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
kbrody@acluaz.org
dhill@acluaz.org

Brian Hauss
Vera Eidelman
Ben Wizner
Speech, Privacy & Technology Project
125 Broad St., 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
bhauss@aclu.org
veidelman@aclu.org
bwizner@aclu.org
ACLU Foundation

Mark Brnovich
Arizona Attorney General
Drew C. Ensign
Oramel H. (O.H.) Skinner
Brunn (Beau) W. Roysden III
Evan G. Daniels
Assistant Attorneys General
2005 N. Central Ave.
Phoenix, AZ 85004

**WILLIAM P. RING**
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

1  Telephone; (602) 542-5200
   Drew.Ensign@azag.gov
2  O.H.Skinner@azag.gov
   Beau.Roysden@azag.gov
3  Evan.Daniels@azag.gov

4

   /s/ Rose Winkeler_____
5  Rose Winkeler, Deputy County Attorney
   *Attorneys for County Defendants*

6

7      I further certify that I caused a copy of the attached document to be mailed on the

8  18th day of January, 2018 to:

9  Honorable Diane J. Humetewa
   United States District Court
10 Sandra Day O'Connor U.S. Courthouse, Ste. 623
   401 W. Washington St., SPC 58
11 Phoenix, AZ 85003-2156

12
   /s/ Rose Winkeler_____
13 Rose Winkeler, Deputy County Attorney
   *Attorneys for County Defendants*

**WILLIAM P. RING**
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200