**MARK BRNOVICH**
**ATTORNEY GENERAL**
Drew C. Ensign (No. 25463)
Oramel H. (O.H.) Skinner (No. 32891)
Brunn (Beau) W. Roysden III (No. 28698)
Evan G. Daniels (No. 30624)
Aaron Duell (No. 33450)
  Assistant Attorneys General
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-5200
Drew.Ensign@azag.gov

*Attorneys for Defendant Mark Brnovich*
*in his official capacity as Attorney General*
*and Intervenor-Defendant State of Arizona*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mikkel Jordahl; Mikkel (Mik) Jordahl, P.C., | Case No: 3:17-cv-08263-PCT-DJH |
| Plaintiffs, | |
| vs. | **STATE'S RESPONSE TO PLAINTIFFS' POST-ARGUMENT NOTICE (DOC. 58)** |
| Mark Brnovich, Arizona Attorney General; Jim Driscoll, Coconino County Sheriff; Matt Ryan, Coconino County Board of Supervisors Chair; Lena Fowler, Coconino County Board of Supervisors Vice Chair; Elizabeth Archuleta Coconino County Board of Supervisors Member; Art Babbott, Coconino County Board of Supervisors Member; Jim Parks, Coconino County Board of Supervisors Member; Sarah Benatar, Coconino County Treasurer, all in their official capacities, | |
| Defendants, | |
| and | |
| State of Arizona, | |
| Intervenor-Defendant. | |

1    Defendants Mark Brnovich and the State of Arizona (the "State") respectfully
2 respond to Plaintiffs' post-oral-argument "notice" (Doc. 58).  The notice concerns a
3 statement at oral argument that the Attorney General could "offer opinions as to what
4 particular Arizona laws mean," including at the request of "member[s] of the public,"
5 Tr. at 32:13-24, which Plaintiffs argue is a "misstatement of law."  Doc. 58 at 2.  Not
6 only are the notice's arguments incorrect, but even if correct, they did not merit the
7 extraordinary step of post-argument briefing.
8    *First*, to justify their purported basis for filing the notice, Plaintiffs had to add
9 words to counsel's argument.  The above-quoted statement did not refer only to *formal*
10 Attorney General Opinions under A.R.S. § 41-193(A)(7), but rather included any of the
11 myriad forms of legal interpretation that the Attorney General might undertake and make
12 public—which easily renders this not a "misstatement of law."  Indeed, "executive
13 officials necessarily interpret the laws they enforce."  *Perez v. Mortgage Bankers Ass'n*,
14 135 S. Ct. 1199, 1219 (2015) (Thomas, J., concurring in the judgment); Doc. 58-1 at 2-3.
15 And Plaintiffs cite no authority that would prevent the Attorney General from sharing
16 such interpretations with the public—particularly where Plaintiffs acknowledge that the
17 Attorney General may offer such opinions "in statements to the media," Doc. 58 at 2.[1]
18    *Second*, even as to formal opinions, Plaintiffs misread the governing statutory text.
19 Section 41-193(A)(7) only mandates when the Attorney General *must* issue formal
20 opinions, but does not prohibit doing so in other circumstances.  Indeed, Plaintiffs'
21 concession that the Attorney General may offer legal opinions in statements to the press
22 necessarily means that A.R.S. § 41-193(A)(7) does not provide an exclusive list of the
23 persons to whom the Attorney General may offer opinions.  *See also State ex rel. Corbin*
24 *v. Pickrell*, 136 Ariz. 589, 597 (1983) (Attorney General's authority extends to what is

---

[1] Indeed prior to oral argument the State communicated with a student-invited university speaker about the application of the very statute at issue in this case, *see American Muslims for Palestine v. Arizona Board of Regents*, No. 18-670 (D. Ariz.) (Doc. 24-1, showing communications). Plaintiffs also do not offer any explanation of how their position about the Attorney General's purported unwillingness/lack of authority to issue opinions can be reconciled with this fact.  *See* Doc. 58-1 at 2 (flagging issue to Plaintiffs).

fairly implied in express statutory grants of authority).[2]

*Third*, Plaintiffs' *own counsel* has received and relied upon an informal opinion from the Attorney General, carrying the same force of law as a formal opinion. This fact appears to create an irreconcilable conflict between Plaintiffs' position here that such opinions are unlawful and their counsels' prior blessing of the Attorney General issuing just such an opinion. *See* Doc. 58-1 at 2-3. Although the State specifically asked Plaintiffs' counsel to address this, Doc. 58-1 at 3, they have not offered *any* way to reconcile these divergent positions they have taken before this Court.

The upshot is that Plaintiffs' counsel have departed from the actual transcript, contradicted their own past practices, and contorted Arizona law, all in an attempt to gain the slightest of strategic advantages through unnecessary post-argument submissions. This Court should reject such gamesmanship firmly and prevent further post-argument briefing by requiring prior leave from this Court. The time for post-argument argument—if ever appropriate—should be put to an end.

Respectfully submitted this 15th day of June, 2018.

    MARK BRNOVICH
    ATTORNEY GENERAL

    By: s/ Drew C. Ensign
    Drew C. Ensign (No. 25463)
    Oramel H. (O.H.) Skinner (No. 32891)
    Brunn (Beau) W. Roysden III (No. 28698)
    Evan G. Daniels (No. 030624)
    Aaron M. Duell (No. 033450)

    *Attorneys for Defendant Mark Brnovich in his official capacity as Attorney General and Intervenor-Defendant State of Arizona*

---

[2] Plaintiffs also ignore that "the Attorney General is a 'public officer of the state' and thus could issue an opinion letter at his or her own request if the request of a member of the public convinced [him/her] that issuance of an opinion was warranted." Doc. 58-1 at 2. This was specifically pointed out to Plaintiffs, *id.*, but they offered no response.

2

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of June, 2018, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Kathleen E. Brody
Darrell L. Hill
ACLU Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
kbrody@acluaz.org
dhill@acluaz.org

Brian Hauss
Vera Eidelman
Ben Wizner
Speech, Privacy & Technology Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
bhauss@aclu.org
veidelman@aclu.org
bwizner@aclu.org
ACLU Foundation

  s/ Drew C. Ensign
*Attorneys for Defendant Mark Brnovich in his official capacity as Attorney General and Intervenor-Defendant State of Arizona*