Brian Hauss (*pro hac vice*)
Vera Eidelman (*pro hac vice*)
Ben Wizner (*pro hac vice*)
ACLU Foundation
Speech, Privacy & Technology Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
bhauss@aclu.org
veidelman@aclu.org
bwizner@aclu.org

Kathleen E. Brody, AZ Bar No. 026331
Darrell L. Hill, AZ Bar No. 030424
ACLU Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
kbrody@acluaz.org
dhill@acluaz.org

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mikkel Jordahl; Mikkel (Mik) Jordahl, P.C.,<br><br>            Plaintiffs,<br>   v.<br><br>Mark Brnovich, Arizona Attorney General; Jim Driscoll, Coconino County Sheriff; Matt Ryan, Coconino County Jail District Board of Directors Member; Lena Fowler, Coconino County Jail District Board of Directors Member; Elizabeth Archuleta, Coconino County Jail District Board of Directors Member; Art Babbott, Coconino County Jail District Board of Directors Member; Jim Parks, Coconino County Jail District Board of Directors Member, all in their official capacities,<br><br>            Defendants. | No. 3:17-cv-08263-PCT-DJH<br><br>**PLAINTIFFS' RESPONSE TO STATE'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiffs respectfully respond to the State's notice of supplemental authority, Doc. 61, which addressed (1) the release of an updated Arizona Agency Handbook by the Arizona Attorney General's Office; and (2) the dismissal of *Koontz v. Watson*, 283 F. Supp. 3d 1007 (D. Kan. 2018), pursuant to settlement of the case. Neither of these post-argument developments affects the issues before the Court.

**Agency Handbook:** The guidance contained in the Arizona Agency Handbook has no bearing here for three reasons. First, the Handbook does nothing to change the fact that, in order to contract with Coconino County, Mr. Jordahl must certify that his Firm will not participate in a boycott of Israel or territories controlled by Israel; that Mr. Jordahl still refuses to sign that certification; and that he is therefore still being denied compensation for the legal services he performs for Coconino County. Doc. 39 at 11–13. Those facts alone establish Plaintiffs' compelled speech claim. *Id.* at 12–13; *Baird v. State Bar of Ariz.*, 401 U.S. 1 (1971).

Second, like the arguments transposed from the State's legal briefs, the Handbook's purported clarifying definitions of "company" and "boycott of Israel" are inconsistent with the plain language of the statute, too vague to provide adequate notice as to what boycott actions are prohibited, and inapplicable to Plaintiffs' boycott activity. Doc. 39 at 13–16. Plaintiffs wish to participate in a BDS boycott of companies supporting Israel's occupation of the Palestinian territories, including all companies operating in Israeli settlements in the West Bank. *Id.* at 13. Plaintiffs' boycott is in compliance with or adherence to calls for boycott by Jewish Voice for Peace, the Evangelical Lutheran Church in America, and a number of other BDS group. *See id.* Thus, the Handbook has no effect on Plaintiffs' claims.

Finally, as the State's own cited authority points out, "Opinions of the Attorney General are advisory, and are not binding." *Ruiz v. Hall*, 191 Ariz. 441, 449 (1998); *accord Marston's Inc. v. Roman Catholic Church of Phoenix*, 132 Ariz. 90, 94 (1982). Moreover, these cases apply to formal Attorney General opinions, which the Attorney General may not issue *sua sponte* or in response to a request from a private citizen. *See* Doc. 58 at 2. Even if agencies and political subdivisions may rely on the guidance offered by the Handbook, they are by no means

2

1 | required to do so. Indeed, the Attorney General himself could change the Handbook if he so
2 | chooses. "[P]recedent warns against accepting as 'authoritative' an Attorney General's
3 | interpretation of state law" under such circumstances. *Stenberg v. Carhart*, 530 U.S. 914, 940
4 | (2000) (citation omitted)). Otherwise, Plaintiffs' and other state contractors' First Amendment
5 | rights would be placed "'at the sufferance of' [Arizona's] Attorney General." *Vt. Right to Life
6 | Comm., Inc. v. Sorrell*, 221 F.3d 376, 383 (2d Cir. 2000) (citation omitted) (collecting cases).

7 | **_Koontz_ Dismissal:** *Koontz* was dismissed pursuant to settlement after the state legislature
8 | amended the law such that it no longer applies to Ms. Koontz. Specifically, the law now requires
9 | companies to sign the anti-boycott certification only if they have a contract with the state "with
10 | an aggregate price of more than $100,000." K.S.A. 75-3740e(b). Because Ms. Koontz was
11 | contracting with the state solely in her individual capacity, and because her contract was not
12 | worth more than $100,000, *see Koontz*, 283 F. Supp. 3d at 1013–14, she is no longer required to
13 | sign Kansas's anti-boycott certification. Here, on the other hand, Plaintiffs are indisputably
14 | required to sign Arizona's anti-boycott certification in order for Mr. Jordahl's Firm to contract
15 | with Coconino County. Doc. 39 at 11–12. Thus, the dismissal in *Koontz* has no bearing on the
16 | facts at issue here, or on the persuasiveness of the *Koontz* court's reasoned, published opinion.

3

Respectfully submitted this 14th day of September, 2018.

By: /s/ *Brian Hauss*
Brian Hauss (*pro hac vice*)
Vera Eidelman (*pro hac vice*)
Ben Wizner (*pro hac vice*)
ACLU Foundation
Speech, Privacy & Technology Project
125 Broad Street, 18th Floor
New York, NY 10004

Kathleen E. Brody
Darrell L. Hill
ACLU Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, AZ 85014

*Attorneys for Plaintiffs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties.

*/s/ Brian Hauss*