# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mikkel Jordahl, et al., | No. CV-17-08263-PCT-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Mark Brnovich, et al., | |
| Defendants. | |

Pending before the Court is the State's Emergency Motion to Stay the Court's September 27, 2018, Order Pending Appeal. (Doc. 67). This Court ordered expedited briefing on the Motion. (Doc. 70). Plaintiffs have submitted an Opposition to the State's Motion to Stay (Doc. 71), and the State has submitted a Reply with attachments (Doc. 72), all of which this Court has reviewed and considered.

**A.   Background**

On September 27, 2018, this Court granted Plaintiffs' Motion for a Preliminary Injunction enjoining enforcement of A.R.S. § 35-393.01(A). That statute states:

> A public entity may not enter into a contract with a company to acquire or dispose of services, supplies, information technology or construction unless the contract includes a written certification that the company is not currently engaged in, and agrees for the duration of the contract to not engage in, a boycott of Israel.

A.R.S. § 35-393.01(A) (hereafter, "Certification Requirement" or "the Act"). In its Order, this Court held that the statutory Certification Requirement unconstitutionally infringes on First Amendment rights by "burden[ing] expressive political activity

protected under the First Amendment." (Doc. 63 at 26). This Court further found that Plaintiffs "met their burden of showing not only that they and others are engaged in protected activities, but that the terms of the Act encompass such activities." (Doc. 63 at 32). Additionally, the Court found that "the State has demonstrated no harms to Arizona, or its economic relationship with Israel, that would be alleviated by conditioning all public entity contracts on the contractors' promise to refrain from engaging in actions taken in response to larger calls to boycott of Israel." (Doc. 63 at 34). Accordingly, the Court found that Plaintiffs were likely to succeed on the merits of the case. (Doc. 63 at 34).

The Court additionally found that the remaining elements for a preliminary injunction were met. First, Plaintiffs established a likelihood of irreparable harm because the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." (Doc. 63 at 35). Second, the balance of the equities and public interest lean in favor of Plaintiffs because "Defendants will experience little to no hardship by enjoining the enforcement of a law that does nothing to further any economic state interest and infringes on First Amendment protections" and because "public interest favors an injunction as the public has little interest in enforcement of unconstitutional laws." (Doc. 63 at 35). Because Plaintiffs were likely to succeed on the merits of their claim, because Plaintiffs were likely to suffer irreparable injury, and because the balance of equities and public interest leaned in favor of Plaintiffs, the Court enjoined enforcement of the Certification Requirement in A.R.S. § 35-393.01(A).

The State has now moved to stay enforcement of that September 27, 2018, Order, pending appeal.

**B.   Discussion**

Determining whether to grant a stay pending appeal is within the discretion of the Court and is based upon the circumstances of the particular case. *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012). "Judicial discretion in exercising a stay is to be guided

by the following legal principles . . . : '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Id.* (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). The burden of showing that the stay is justified is on the party requesting a stay. *Id.*

The State argues that the first factor, whether the stay applicant has made a strong showing that it is likely to succeed on the merits, is met because the "First Amendment claim raises issues of first impression both in this Court and in the Ninth Circuit, and the law in this area is at least 'somewhat unclear.'" (Doc. 67 at 4). To succeed on this factor, the applicant must establish that it has a "substantial case for relief on the merits." *Leiva-Perez v. Holder,* 640 F.3d 962, 968 (9th Cir. 2011). Stated differently, the applicant must have raised "serious legal questions," which are questions that are "substantial, difficult, and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation." *Silvester v. Harris*, 2014 WL 6611592 at *3 (E.D. Cal. 2014) (quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991)). Without restating the reasoning underlying this Court's September 27, 2018, Order, the Court notes that this is not an issue of first impression and that, as stated in the Order, "the Certification Requirement is an unconstitutional condition on government contractors." (Doc. 63 at 20). Even if this conclusion could be construed as debatable, however, this factor is outweighed by the remaining factors of the stay analysis, all of which support denying the stay pending appeal.

Regarding irreparable harm, the State asserts that it will suffer irreparable harm if it is "precluded from carrying out the laws passed by its democratic process." (Doc. 67 at 8). It is true that a "state may suffer an abstract form of harm whenever one of its acts is enjoined." *Indep. Living Ctr. v. Maxwell-Jolly*, 572 F.3d 644, 658 (9th Cir. 2009), *vacated on other grounds*, *Douglas v. Indep. Living Ctr.*, 565 U.S. 606 (2012). Because, however, a state court enactment could offend a federal law provision, the type of harm

argued by the State is not dispositive. *Id.* ("[I]n assessing the relative harms to the parties, we reject the . . . suggestion that, merely by enjoining a state legislative act, we create a per se harm trumping all other harms"); *Silvester*, 2014 Westlaw 6611592 at * 3 (finding that a state suffers an abstract harm when one of its laws is enjoined, but that this harm "is not a dispositive harm and it may be outweighed by other factors"). Here, the Court must balance the Arizona statute against First Amendment rights. Because enforcing the statute violates those First Amendment rights, there is no irreparable harm to the State; instead, the irreparable harm is to government contractors that are precluded from speaking on matters of public concern.

The State also asserts that it will suffer irreparable harm due to "disruptive consequences of this Court's preliminary injunction." (Doc. 67 at 8). Perplexingly, the State claims that there would be "massive upheaval in the State's procurement systems, which is not remotely justified – particularly given the extremely low number of apparent objectors to the Anti-Israel Boycott contractual clauses under the Act." (Doc. 67 at 8-9). First, assuming that there is an "extremely low number of apparent objectors" to the statutory provisions, it is unclear how any "massive upheaval" in the procurement process would arise. Second, even if contracts and requests for proposals are affected, there is a difference between adding a new requirement to a contract and removing a requirement, especially when the requirement that is removed is unrelated to the work being performed or bid upon. Therefore, because removing the Certification Requirement will not impact the work being performed or bid upon, but will instead only impact the political expression of the contractors, the Court finds that this factor weighs against staying the injunction pending appeal.

The remaining factors, whether issuance of the stay will substantially injure the other parties interested in the proceeding and where the public interest lies, also weigh against issuing a stay pending appeal. First, as this Court found in its Order, enforcing the statute harms Plaintiffs and those similarly situated to Plaintiffs:

> "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S.

- 4 -

347, 373 (1976). Indeed, when the expressive conduct that is so burdened is political in nature, "[t]he harm is particularly irreparable." *Klein v. City of San Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009). As such, the harms that Plaintiffs and other companies wishing to contract with the state of Arizona are irreparable per se.

(Doc. 63 at 35). Therefore, this factor weighs heavily against a stay. Likewise, consideration of where the public interest lies also weighs against issuing a stay because the State will experience "little to no hardship by enjoining the enforcement of a law that does nothing to further any economic state interest and infringes on First Amendment protections." (Doc. 63 at 35).

In conclusion, after considering all relevant factors, the Court finds that each factor weighs against staying the preliminary injunction pending appeal.

Accordingly,

**IT IS ORDERED denying** the State's Emergency Motion to Stay the Court's September 27, 2018, Order Pending Appeal. (Doc. 67).

Dated this 19th day of October, 2018.

_____
Honorable Diane J. Humetewa
United States District Judge