**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mikkel Jordahl, et al., | No. CV-17-08263-PCT-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Mark Brnovich, et al., | |
| Defendants. | |

    This case is on remand from the Ninth Circuit Court of Appeals. On September 27, 2018, this Court granted Plaintiffs' Motion for a Preliminary Injunction and enjoined Defendants from enforcing A.R.S. § 35-393.01(A) ("the Act"), an Arizona statute that prohibited public entities from contracting with companies that engage in "boycott[s] of Israel." (Doc. 63). Defendants appealed the decision to the Ninth Circuit Court of Appeals. (Doc. 65). While that appeal was pending, the Arizona Legislature amended portions of the Act with Senate Bill 1167 ("the revised Act"). The revised Act took effect in August 2019 and effectively exempts Plaintiffs from its terms.[1] Accordingly, the Ninth Circuit found that Plaintiffs' claims for declaratory and injunctive relief were moot. (Doc. 85-1). In its Memorandum Decision, the Ninth Circuit vacated the preliminary injunction and remanded the case with instructions to dismiss Plaintiffs' claims for declaratory and

---

[1] The revised Act now only applies to (1) companies with ten or more full-time employees, and (2) contracts valued at $100,000 or more. *See* S.B. 1167, 54th Leg., 1st Reg. Sess (Ariz. 2019); Ariz. Rev. Stat. §§ 35-393(2), 35-393.01(A).

injective relief.[2] (*Id.*) In accordance with the Ninth Circuit's instructions,

**IT IS ORDERED** that Plaintiffs' claims for declaratory and injunctive relief are moot and therefore are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this case and enter judgment accordingly.

Dated this 28th day of January, 2020.

Honorable Diane J. Humetewa
United States District Judge

---

[2] As the Ninth Circuit noted, this Court will retain jurisdiction to determine whether an award of attorneys' fees is appropriate under 42 U.S.C. § 1988(b). *Watson v. Cty of Riverside*, 300 F.3d 1092, 1094-95 (9th Cir. 2002).